## ATTACHMENT A

### STIPULATION OF FACTS

*The undersigned parties stipulate and agree that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

The Defendant, **Peter Oluwole COLE** ("**COLE**"), age 74, is a naturalized United States citizen born in Liberia, and a resident of Germantown, Maryland.

### Theft of Government Property and Social Security Fraud

Between in or about 1983 and in or about 1997, **COLE** fraudulently obtained three social security numbers ("SSN") by applying for them at Social Security Administration ("SSA") field offices, stating on the applications that he had never received a SSN before, and providing different names for his parents and different places of birth on each application. Between in or about 2006 and in or about April 2017, **COLE** collected Title II Social Security Disability Insurance ("SSDI") and Child's Insurance Benefits ("CIB") under one SSN, while working, and ultimately collecting Title II Retirement Insurance Benefits ("RIB") under another. As a result, SSA paid **COLE** approximately $118,584 to which he was not entitled.

**COLE** applied for his first SSN (ending in 3853), in April 1983. On this application, he stated he was born in "Sinoe County, Liberia" to Victoria Mason and Henery [sic] Cole. **COLE** applied for his second SSN (ending in 6806), in 1989. On this application, **COLE** stated he was born in "Sierra Leone, West Africa" to Mildred Williams and David Cole. **COLE** falsely indicated on the application that he had never applied for or received a SSN. **COLE** applied for his third SSN (ending in 9387), in 1997. On the application, he stated he was born in "Monrovia Liberia – West Africa" to Janet Coker and Henery Cole. **COLE** again falsely indicated he never applied for or received a SSN.

In 2006, **COLE** applied for and was awarded Title II SSDI benefits under SSN 6806. Shortly after that, in March 2007, **COLE** applied for and was awarded CIB for Individual 1, in the amount of $612 per month.

In March of 2016, SSA required **COLE** to complete a work activity report form. **COLE** reported on the form that he had not worked since 2006. Under "Current or Most Recent Employer's Name," the form was pre-completed by SSA and read "CMC Management Corp." **COLE** falsely wrote, "I do not know the above company. Someone may be working with my social number." In fact, **COLE** was at that time working for CMC Management Corp. as a facilities engineer, earning approximately $70,000 per year under SSN 9387. At the bottom of the form, **COLE** wrote, "I am still receiving my disability, but if it's time [to] receive my full social security payments, I will appreciate that since I am not able to work anymore."

In January 2016, **COLE** applied for Title II retirement insurance benefits under SSN 3853. When applying, **COLE** falsely stated that he had not worked, did not expect to work that year, and had not worked during the two prior years. **COLE** also falsely denied having any prior marriages or children, and falsely denied ever having used another SSN.

In April 2016, **COLE** truthfully admitted, when confronted by agents of the SSA Office of the Inspector General, to applying for multiple SSNs and collecting SSDI and RIB while working for the purpose of obtaining more benefits than that to which he was entitled.

<u>Bank Fraud</u>

On September 30, 2015, **COLE** submitted a federally-related mortgage application to Plaza Home Mortgage ("Plaza") for the purchase of a home for $520,000. In the application, **COLE** claimed both his employment income and Social Security income, but only disclosed financial liabilities associated with SSN 9387, and did not disclose the fact that he held multiple SSNs.

On October 14, 2015, Plaza approved the loan in the amount of $510,581 based on the aforementioned application. **COLE** never disclosed to Plaza that he had multiple SSNs or outstanding debts associated with the undisclosed SSNs, which included an automobile loan of approximately $44,000 and approximately $20,000 in credit card and other unsecured debt. These omissions were materially false and fraudulent.

Plaza is a financial institution, as defined in 18 U.S.C. § 20(10), in that it is a mortgage lending business that financed or refinanced any debt secured by an interest in real estate and affected interstate commerce.

SO STIPULATED:

_____
Michael F. Davio
Special Assistant United States Attorney

_____
Peter Oluwole Cole
Defendant

_____
Amy S. Fitzgibbons, Esq.,
Counsel for Defendant